IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JASON DEITZ, individually and as next
friend of JONATHAN ELDON DIETZ,
his minor son,

      Plaintiff,

v.                                              Case No.:  3:14-cv-31091

PILOT TRAVEL CENTERS, LLC,
FLYING J TRANSPORTATION, LLC,
and KENNETH E. PENNINGTON, II,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Compel Discovery, (ECF No. 36). Defendants have filed a response to the motion, and Plaintiffs have replied. (ECF Nos. 41, 43). Having carefully reviewed the memoranda, the undersigned finds that oral argument is unnecessary. For the reasons that follow, Plaintiff's Motion to Compel is **GRANTED** as set forth below.

This case arises from a motor vehicle accident that occurred on Interstate 64 East in Barboursville, West Virginia. According to the plaintiff, he was driving his Honda Civic on the interstate when he slowed and attempted to pull off the side of the road. In the course of exiting the lane of travel, the plaintiff's vehicle was struck in the rear by a tractor-trailer owned and operated by the defendant corporations and driven by their employee, Kenneth Pennington. As a result of the rear-end collision,

1

the plaintiff alleges that he sustained serious physical injuries, including permanent brain injury, loss of enjoyment of life, pain and suffering, and mental anguish; has incurred medical bills; and has lost past and future wages. He asserts claims of negligence and gross negligence and seeks compensatory and punitive damages.

In late May, 2015, the plaintiff served the defendants with interrogatories, requests for the production of documents, and requests for admission. Defendants served responses, and the parties subsequently corresponded over answers that the plaintiff believed were insufficient. They resolved all of their issues, except for those involving one interrogatory. Currently in dispute are interrogatory number 24 and the answer given to that interrogatory by Pilot Travel Centers, LLC ("Pilot"). The interrogatory states as follows:

> If Pilot Travel has been sued, or had a claim made against them [*sic*] in connection with motor vehicle collisions within the last ten (10) years, please describe each such claim or lawsuit in detail, including in your answer whether each instance was a claim or lawsuit, the name of each such plaintiff or claimant, the date of each such lawsuit or claim, the court and the name of the plaintiff's attorney involved in each such claim or lawsuit, the nature of each such claim or lawsuit, and the resolution, if any, of each such claim or lawsuit.

In response to the interrogatory, Pilot stated:

> Objection as this request seeks information that is irrelevant and overly broad, and not reasonably calculated to lead to the discovery of admissible evidence in violation of Federal Rules of Civil Procedure. Without waiving objections, there is no record of this defendant being sued or a claim being filed against this defendant or Mr. Pennington regarding any other incident involving Mr. Pennington.

Plaintiff moves to compel a full and complete response to the interrogatory, arguing that the scope of discovery is broad, and the information requested is relevant to many issues, including the plaintiff's claim of negligent training. Pilot objects to the discovery request on the ground that accidents in other states, involving non-party

drivers are irrelevant to this case. Moreover, Pilot contends that the interrogatory is overly burdensome in that it requests information covering a ten-year time span. Pilot adds that it operates in 600 locations across the country and in Canada; therefore, the burden on Pilot to collect this information far outweighs the likelihood that useful and admissible evidence will be recovered.

In reply to Pilot's objection, the plaintiff points to a recent decision in this district finding that prior claims and lawsuits made against a defendant may be relevant and discoverable. *See Douty v. Rubenstein,* Civil Action No. 2:13–32832, 2015 WL 4163093 (S.D.W.Va. Jul. 9, 2015). Relying on the same case, the plaintiff asserts that Pilot's claim of burdensomeness should also be rejected because Pilot did not properly support the claim with affidavits or other evidence demonstrating the nature of the alleged burden. The plaintiff emphasizes that many large corporations, like Pilot, have centralized legal or risk management departments that keep close tabs on claims and litigation regardless of their volume and place of origin. Accordingly, the Court should not speculate on the nature of the defendant's burden, and should not deny the motion to compel based solely on Pilot's unsubstantiated claim of burdensomeness.

The federal discovery rules allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Relevancy in discovery is broad in scope, "such that relevancy encompasses any matter that bears or may bear on any issue that is or may be in the case." *Carr v. Double T Diner,* 272 F.R.D.431, 433 (D.Md. 2010). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Generally, the burden is on

the party resisting discovery to support its contention that the information sought is irrelevant. *United Oil Co., Inc. v. Parts Associates, Inc.,* 227 F.R.D. 404, 411 (D.Md. 2005). Likewise, when a party objects to discovery on the ground of burdensomeness, the party "must demonstrate how the request is burdensome by submitting affidavits or other evidence revealing the nature of the burden. *Douty,* 2015 WL 4163093, at *6.

Courts in this circuit and in sister circuits have held that discovery related to other accidents, incidents, claims, and lawsuits involving a party to the litigation is relevant in a personal injury action when the discovery is reasonably designed to lead to admissible evidence on issues such as notice, knowledge, foreseeability, standard of care, and damages. *See, e.g., United Oil Co.,* 227 F.R.D. at 410; *Bennett v. Segway, Inc.,* No. 1:11cv09, 2011 WL 4965179, at *2 (W.D.N.C. Octo. 19, 2011); *Librado v. M.S. Carriers, Inc.,* No.Civ.A. 3:02-CV-2095-D, 2003 WL 22768675 (N.D. Tex. Mar. 10, 2003); *Donovan v. Wal-Mart Stores, Inc.,* Civil Action No. 4:11-cv-00885-JMC, 2012 WL 3025877 (D.S.C. July. 24, 2012); *Stansberry v. Belk, Inc.,* No. 1:14-cv-145-CLC-SKL, 2015 WL 521114 (E.D. Tenn. Feb. 9, 2015); *Walker v. Wal-Mart Stores,* No. CV–06–BLG–CSO, 2007 WL 1031576, at *4 (D.Mont. Apr. 2, 2007); *and Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611, 633 (D.Kan. 2005). Based upon these cases, the Court finds that the plaintiff has made a threshold showing that information regarding other motor vehicle collisions is relevant. Nonetheless, the undersigned agrees with the defendant that the interrogatory, as written, is a little broad. Claims and litigation that do not involve a collision between two or more moving vehicles are not particularly relevant to the issues in this case. By way of example, Pilot may have been sued in the past ten years for property damage done by one of its drivers when he was backing into a loading dock, or unloading a trailer.

That type of accident is not particularly relevant to how drivers are trained for over-the-road travel. In addition, requesting information for a ten-year period is too long. If lack of training is indeed a meritorious claim, then data covering a five-year period should be sufficient. Accordingly, while the plaintiff's motion to compel is granted, Pilot shall only be required to provide information regarding claims asserted and lawsuits filed in the past five years in which Pilot, or its agent or employee, was accused of causing a collision between two or more moving vehicles.

With respect to Pilot's argument that the request is overly burdensome, the undersigned agrees with the plaintiff that Pilot failed to meet its obligation to establish an excessive burden. Pilot did not provide any affidavits or other evidence outlining the anticipated time and resources that would be involved in gathering the information. As the plaintiff points out, many corporations have centralized departments to manage claims and litigation, and with the advent of computers, these corporations would be able to produce the requested information with relative ease. Pilot does not dispute or refute that assertion. Moreover, Pilot provided no information regarding the amount of documentation that would have to be collected and reviewed in order to respond to the interrogatory. Certainly, if Pilot has had only five motor vehicle accidents in the last five years, the burden of responding to the interrogatory is significantly less than if there were five thousand collisions. It simply is not apparent from Pilot's response that any effort was made to determine the burden involved in answering the discovery request. In the absence of a showing of undue burden, Pilot's objection must be overruled.

Accordingly, Pilot is hereby **ORDERED** to provide the plaintiff with a full and complete response to Interrogatory No. 24 **within twenty-one (21) days** of the

5

date of this Order, except Pilot may limit the response to information regarding claims asserted and lawsuits filed in the past five years in which Pilot, or its agent or employee, was accused of causing a collision between two or more moving vehicles.

    The Clerk is directed to provide a copy of this Order to counsel of record and any unrepresented party.

                                   **ENTERED:** August 25, 2015

*[signature]*

Cheryl A. Eifert
United States Magistrate Judge